UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOELLE KATHRYN RAMSEY,

                      Plaintiff,                  DECISION AND ORDER

                      -vs-                            19-CV-208 MJP

COMMISSIONER OF SOCIAL SECUIRTY,

                      Defendant.

---

## INTRODUCTION

Plaintiff Joelle Kathryn Ramsey ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, ECF No. 16.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 10 & 12.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On December 9, 2015, Plaintiff protectively filed a Title II application for a period of disability insurance benefits, alleging disability beginning on

October 25, 2014.[1] (R.[2] 20; 118.)[3] The Social Security Administration initially denied Plaintiff's claim on January 19, 2016. (R. 77.) On January 23, 2018, an Administrative Law Judge ("A.L.J.") located in Alexandria, Virginia held a video teleconference hearing in this matter. (R. 20; 30.) Plaintiff participated in the hearing from Buffalo, New York and was represented by counsel. (R. 30.) A vocational expert was also present and testified at the hearing. (R. 32; 59.)

The A.L.J. issued a decision on April 30, 2018, finding that Plaintiff had the following severe impairments: "degenerative disc disease with disc herniation post status lumbar and cervical fusions." (R. 19.) Nevertheless, the A.L.J. determined that Plaintiff was able to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to lifting 15 pounds occasionally and 10 pounds frequently. The claimant must avoid ladders, ropes, and scaffolding as well as crawling and no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, and crouching. The claimant must also avoid exposure to dangerous work hazards (including unprotected heights, uneven terrain and dangerous moving machinery), and cannot do driving jobs.

(R. 23.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied her request for review on January 30, 2019,

---

[1] While Plaintiff asserts in her Application Summary for Disability Insurance Benefits that her disabling condition began on October 25, 2014, in her Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, Plaintiff states that her disability began on April 2, 2014. (Pl.'s Mem. of Law at 4, ECF No. 10-1.)

[2] "R __" refers to the page in the Administrative Record filed by the Commissioner of Social Security.

[3] The A.L.J. incorrectly states that Plaintiff filed for DIB on December 8, 2015. (ECF No. 4, at 20.)

2

making the A.L.J.'s decision the Commissioner's final decision. (R. 1.) Plaintiff filed this lawsuit on February 15, 2019.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); see also *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether

the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of ;disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)   whether the claimant is currently engaged in substantial gainful activity;
>
> (2)   if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)   if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)   if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)   if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v) & 416.920(a)(4)(i)–(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review. First, Plaintiff asserts the A.L.J. erred in not finding Plaintiff's headaches to be a severe or non-severe impairment. (Pl.'s Mem. of Law at 1, 14, ECF No. 10-1.) Second, Plaintiff contends that the A.L.J. failed to properly evaluate opinion evidence provided by Frank Luzi, M.D. (*Id.* at 1, 16.)

### *The A.L.J.'s RFC is not supported by substantial evidence due to error.*

On May 4, 2016, Plaintiff underwent an independent medical examination ("IME") conducted by Frank Luzi, M.D., for Workers' Compensation purposes. (R. 535–39.) After conducting a physical examination of Plaintiff and reviewing her medical records, Dr. Luzi opined that Plaintiff

> could return to work with restrictions. She should avoid repetitive bending and twisting of her neck and waist. She should not lift or carry objects weighing greater than 15 pounds. She should not sit, stand or walk for continuous periods of time. She should not drive for more than 1/2 hour continuously or two hours in an eight hour day.

(R. 538.)

In her decision, the A.L.J. acknowledges that "Dr. Luzi opined that the claimant could return to work with restrictions including avoiding repetitive bending and twisting of her neck and waist." (R. 23.) The A.L.J. even notes that Dr. Luzi's opinion that Plaintiff should avoid bending and twisting at the low back is "consistent with evidence through claimant's last date insured of September 30, 2016," in part because Plaintiff's surgeon, Edward D. Simmons, M.D., also recommended that Plaintiff "minimize and [*sic*] and bending and twisting at the low back." (*Id.*) In addition, the A.L.J. acknowledges that Dr. Luzi concluded that Plaintiff "should not sit, stand, or walk for continuous periods of time." (R. 23.), Importantly, the A.L.J. states that she

> has given greater weight to the opinions of Drs. Nunez and Luzi (Exs. 1F/160 and 7F/18). Both indicated that the claimant could work with lifting restrictions of 15 to 20 pounds (Ex. 1F/160 and 7F/18). Drs. Nunez and *Luzi also provided postural limitations, which the undersigned has incorporated into the residual functional capacity. These assessments are therefore afforded substantial weight.*

(R. 27, emphasis added.)

The A.L.J.'s contention that Dr. Luzi's postural limitations are included in the RFC is incorrect. A simple reading of the ALJ's RFC reveals that it does not, in fact, incorporate Dr. Luzi's postural limitations. (R. 20.) Indeed, despite specifically reciting Dr. Luzi's restrictions regarding repetitive bending and twisting of Plaintiff's neck and waist and those regarding Plaintiff's ability to sit, stand, or walk for continuous periods in her decision, these restrictions are not included in the RFC. (*Id.*) It is not clear to the Court whether including Dr.

Luzi's postural limitations in the RFC would have an impact on whether Plaintiff would still be able to perform light work or whether it would result in a finding of disability. "A misstatement of fact in the ALJ's decision is material when it prevents the reviewing court from following the adjudicator's reasoning." *Collins v. Berryhill*, No. 17-CV-467, 2019 WL 2287787, at *4 (W.D.N.Y. May 28, 2019); *Goss v. Astrue*, No. 1:12-CV-1349, 2014 WL 888497, at *10 (M.D. Pa. Mar. 6, 2014) (ALJ's "error, which conflates daily and monthly pain medication use, is highly material when examined in the context of evaluating the credibility of the Plaintiff's reported symptoms of pain ... and undermines confidence in the outcome."). When an "ALJ's statement is unsupported and inaccurate," it may be "impossible for the Court to conduct a review for substantial evidence." *Bell v. Comm'r of Soc. Sec.*, No. 6:15-CV-706-Orl-22GJK, 2016 WL 4473467, at *5 (M.D. Fla. Aug. 8, 2016) (*report and recommendation adopted*, 2016 WL 4441647 (Aug. 23, 2016)). Accordingly, this matter must be remanded for clarification of Plaintiff's RFC.

### *The ALJ improperly credited portions of Frank Luzi, M.D.'s opinion while rejecting other portions without explanation.*

If the A.L.J. meant to only credit portions of Dr. Luzi's opinion, she was required to explain why she chose those portions and not others. *Maenza v. Colvin*, 2016 WL 1247210, at *12 (W.D.N.Y. Mar. 24, 2016) ("It is beyond dispute that 'an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions'") (quoting *Raymer v. Colvin*, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015)); *Searles*

7

*v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, *4 (W.D.N.Y. July 27, 2010) ("An ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified. If the ALJ's RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. Here, the ALJ failed to explain why he ignored portions of an opinion for which he granted 'significant weight.' This selective adoption of only the least supportive portions of a medical source's statements is not permissible.") (internal quotations and citations omitted).

As discussed above, the A.L.J. assigned "significant weight" to Dr. Luzi's opinion, but failed to include all of the restrictions provided for in his opinion in Plaintiff's RFC. For example, the A.L.J. included Dr. Luzi's restrictions that Plaintiff should not lift more than 15 pounds and that she "cannot do driving jobs." (R. 20.) However, he did not include any of the postural limitations included in Dr. Luzi's opinion and provided no explanation for why those were left out of the RFC. This is legal error which requires remand.

The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other argument advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 10) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 12). The case is remanded pursuant

to the fourth sentence of 42 U.S.C. § 405(g) for a hearing. The Clerk of the Court will enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:   September 1, 2020
         Rochester, New York

                                        /s/ Mark W. Pedersen
                                        MARK W. PEDERSEN
                                        United States Magistrate Judge